UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROUP ASSETS, LLC, et al.,

    Plaintiffs,

v.

FORTRESS INVESTMENT
GROUP LLC, et al.,

    Defendants.

Case No.: 8:09-cv-01530-VMC-EAJ

**DISPOSITIVE MOTION**

**DEFENDANT FORTRESS INVESTMENT GROUP LLC'S MOTION TO
DISMISS AND TO STRIKE AND SUPPORTING MEMORANDUM OF LAW**

    Defendant Fortress Investment Group LLC, through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, moves to dismiss Plaintiffs' Amended Complaint (Doc. 27) in its entirety because: (i) Plaintiffs do not have standing to bring a fraudulent transfer claim; (ii) Fortress Investment Group is not the transferee of the alleged fraudulent conveyance so it is not a proper defendant to those claims; (iii) Plaintiffs have failed to join the transferee, which is an indispensable party; (iv) Plaintiffs have failed to plead their claims with the specificity required by Rules 8 and 9(b); and (v) Plaintiffs have failed to plead the elements of unjust enrichment. Fortress Investment Group also moves to strike Plaintiffs' claim for attorneys' fees because there is no basis for such an award in this action.

**INTRODUCTION**

    Plaintiffs' Amended Complaint is the latest salvo in an odyssey of litigation instigated by Plaintiffs Glenn and Charles Cherry, and their counsel Percy Squire. Since

2008, the Cherry brothers and Mr. Squire have presented the FCC and four different state and federal courts with scores of claims against D.B Zwirn Special Opportunities Fund, L.P. (the "Fund"), Daniel Zwirn, and associated entities relating to a loan from the Fund to Tama Broadcasting. As the Zwirn Defendants recently explained in their motion to dismiss, not only have those claims been unsuccessful, but the Cherry brothers and Mr. Squire have shown a consistent willingness to make dubious allegations and to push the boundaries of permissible practice. (Doc. 19 pp. 4-10.) The Amended Complaint is yet another example of their parade of frivolous claims.

First, and most importantly, this Court recently dismissed with prejudice all of the claims in Plaintiffs' underlying "predatory lending" case. Without those claims, Plaintiffs can no longer allege they are creditors of the Zwirn Defendants. Since they are no longer creditors, Plaintiffs' do not have standing to bring their fraudulent transfer claims. Accordingly, those claims must also be dismissed with prejudice.

Second, as shown by the proxy statement attached to Plaintiffs' Amended Complaint, the allegations made in the Amended Complaint are simply false. The proxy statement shows that in June 2009, D.B. Zwirn & Co., L.P. was replaced as the manager of various investment funds, including the Fund, by an affiliate of Fortress Investment Group. Two critical facts are readily discernable from that event. First, D.B. Zwirn & Co. was the manager of the Fund's investments; it did not own them. Second, no transfer of the Fund's investments occurred; the manager of the Fund was replaced. Unconstrained by these basic truths, Plaintiffs and Plaintiffs' counsel attempt to allege in the Amended Complaint that the replacement of D.B. Zwirn & Co. as the Fund's investment manager supports four different fraudulent transfer claims and an unjust

enrichment claim against Fortress Investment Group. Plaintiffs' claims against Fortress Investment Group fail as a matter of law because of the two truths highlighted above, which Plaintiffs cannot escape. Fortress Investment Group therefore requests that the Court dismiss the Amended Complaint with prejudice.

### BACKGROUND[1]

In March 2009, Plaintiffs sued the Fund, its principal Daniel Zwirn, and others, in a putative class action pending before this Court (case number 8:09-CV-0033-VMC-EAJ). (Doc. 27 ¶ 2.) Plaintiffs allege in that case that a $20 million loan that the Fund made to Tama Broadcasting, Inc. was part of a predatory lending scheme that ultimately resulted in the Fund foreclosing on Tama's collateral. (*Id.* at ¶¶ 1, 2, 21-25.) Plaintiffs assert various state and federal claims in that case, all predicated on their "predatory lending" theory. (*Id.* at ¶ 2.)

In this case, Plaintiffs' initial complaint was based on the allegation that after the predatory lending suit was filed, the Fund transferred substantially all of its assets to Fortress Investment Group, which then transferred those assets to Fortress Value Recovery Fund I LLC.[2] (Doc. 1 ¶ 3.) Plaintiffs asserted that they were the Fund's creditors because of their claims in the predatory lending suit and, accordingly, that they had standing to set aside the alleged transfer from the Fund to Fortress Investment Group as a fraudulent conveyance. (*See* Doc. 1.) This Court recently dismissed Plaintiffs' claims in the predatory lending suit with prejudice.

---

[1] Fortress Investment Group is required to accept Plaintiffs' allegations as true at the motion to dismiss stage. Nothing herein should be construed as an admission that Plaintiffs' allegations are actually true.

[2] Fortress Value Recovery Fund I LLC is the same entity as D.B. Zwirn Special Opportunity Fund, L.P.; the Fund converted to an LLC and changed its name following a change in its management.

Defendants RL Transition Corporation, Rocklynn Radio, LLC, and Fortress Value Recovery Fund I LLC (the "Zwirn Defendants") filed a motion to dismiss Plaintiffs' complaint on December 24, 2009. (Doc. 19.) The Zwirn Defendants argued, in part, that this Court did not have subject matter jurisdiction because Defendant Fortress Value Recovery Fund I is a Florida citizen. (*Id.* at pp. 12-13.) Prior to Fortress Investment Group's response date, and before the Court ruled on the Zwirn Defendants' motion to dismiss, Plaintiffs filed the Amended Complaint at issue. Plaintiffs' Amended Complaint drops Fortress Value Recovery Fund I as a party defendant.

## ARGUMENT

Plaintiffs' Amended Complaint must be dismissed for five reasons: First, Plaintiffs can no longer claim to be creditors of the Zwirn Defendants because their predatory lending suit was dismissed with prejudice; second, Plaintiffs have not stated a claim against Fortress Investment Group because it is not the transferee of the alleged fraudulent conveyance; third, Plaintiffs have failed to join an indispensable party by not suing the alleged transferee; fourth, Plaintiffs' allegations in counts I-IV are facially insufficient under Rules 8 and 9(b); and fifth, Plaintiffs have not plead the elements of unjust enrichment. Additionally, Plaintiffs' claim for attorneys' fees should be stricken because it is without foundation in contract or statute.

**A.    Plaintiffs can no longer assert that there was a fraudulent transfer.**

Plaintiffs' fraudulent transfer claims (counts I-IV) fail because their claims in the underlying predatory lending suit (case number 8:09-CV-0033-VMC-EAJ) have been dismissed with prejudice. As this Court aptly noted, Plaintiffs' latest filing in that lawsuit was "but another filing on the mountain of paperwork caused by Plaintiffs' intentional

and vexatious litigation tactics designed solely to multiply litigation" that was previously resolved. Concluding that "enough is enough," this Court dismissed the predatory lending suit with prejudice.

The only party with standing to bring an action under the UFTA is a transferee's creditor, which is defined as "a person who has a claim." §726.105, Fla. Stat. (2010) (creating claim for present and future *creditors*); §726.106, Fla. Stat. (2010) (creating claim for present *creditors*); §726.102, Fla. Stat. (2010) (defining creditor). Plaintiffs' status as "creditors" of the Zwirn Defendants is based entirely on the claims in Plaintiffs' predatory lending lawsuit. (Doc. 27 ¶¶ 2-3.) Since this Court has dismissed Plaintiffs' predatory lending lawsuit with prejudice, Plaintiffs are no longer "creditors" under the UFTA and, consequently, they do not have standing to bring their fraudulent transfer claims. *In re Florida West Gateway, Inc.*, 182 B.R. 595, 597-98 (S.D. Fla. 1995) (explaining that only a creditor has standing to bring a fraudulent transfer claim). Accordingly, counts I-IV must be dismissed with prejudice.

**B.     Plaintiffs' fraudulent transfer claims must be dismissed because Fortress Investment Group is not the transferee of the assets.**

The first four counts in Plaintiffs' Amended Complaint (actual fraudulent transfer, constructive fraudulent transfer, conspiracy to commit fraudulent transfer, and aiding abetting a fraudulent transfer) are all predicated on a purported transfer of assets from the Fund to Fortress Investment Group. Assuming that Plaintiffs have standing to bring them (which they do not), these counts must all be dismissed because Fortress Investment Group is not the transferee of any of the Fund's assets.

Plaintiffs' fraudulent transfer claims lie, if at all, only against the alleged transferee of the assets Plaintiffs are seeking to recover. *See Freeman v. First Union Nat.*

5

*Bank*, 865 So. 2d 1272, 1275 (Fla. 2004) ("FUFTA was not intended to serve as a vehicle by which a creditor may bring a suit against a non-transferee party . . . for monetary damages arising from the non-transferee party's alleged aiding-abetting of a fraudulent money transfer.")[3]

Plaintiffs alleged in their initial complaint that D.B. Zwirn & Co. transferred billions of dollars of assets to Fortress Investment Group, which then transferred the assets to an entirely separate entity—Fortress Value Recovery Funds I. (Doc. 1 ¶¶ 3, 18.) Under that set of facts (which were not true either), Counts I-IV did not state a cause of action against Fortress Investment Group because Fortress Investment Group was not the transferee of any assets. Before Fortress Investment Group could move to dismiss the complaint on those grounds and, to circumvent the Zwirn Defendants' subject matter jurisdiction argument, Plaintiffs filed their Amended Complaint and dropped Fortress Value Recovery Fund I as a defendant. In an attempt to cure their seemingly fatal decision to drop the alleged transferee of the assets (who, if there was a conveyance, would be the only legally proper defendant to Plaintiffs' fraudulent transfer claims), Plaintiffs now allege that the assets were transferred to Fortress Investment Group "and affiliated entity [sic] or entities, or both . . . ." (Doc. 27 ¶ 3.) In essence, Plaintiffs have attempted to save their claims by playing the pleading equivalent of a shell game.

---

[3] Although the discussion in *Freeman* focused on that plaintiff's aiding and abetting claim, the rationale underlying *Freeman*, as well as subsequent decisions interpreting it, strongly suggest that FUFTA was intended only to codify an already existing but ill defined remedy available to defrauded creditors—setting aside the fraudulent conveyance—but not to create an action for damages against those not in possession of the transferred property. *E.g. Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1089 (11th Cir. 2004) (explaining that the rationale underlying *Freeman* was FUFTA's failure to reference "parties other than debtors and transferees"); *In re Ridley Owens, Inc.*, 391 B.R. 867, 869 (N.D. Fla. 2008) (stating that after *Freeman* "non-transferees or individuals that merely assisted in the transacting of a fraudulent transfer could not be held liable under UFTA."); *Brown v. Nova Info. Systems, Inc.*, 903 So. 2d 968, 969 (Fla. 5th DCA 2005) (stating *Freeman* recognized "that Florida's Uniform Fraudulent Transfer Act only permits creditors to set aside fraudulent transfers, and that there is no language in the Act to suggest a legislative intent to create an independent tort for damages.")

Plaintiffs cannot, however, escape the truth that Fortress Investment Group is not the transferee of any assets. That fact is clearly shown in the proxy statement, attached to Plaintiffs' Amended Complaint as Exhibit B (Doc. 27-2), which Plaintiffs themselves allege describes the transaction at issue (Doc. 27 ¶ 29). *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control.") (*quoting Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)). The first page of the proxy statement summarizes the transaction that is the basis of Plaintiffs' claims: D.B. Zwirn & Co. was being replaced as the manager of certain investment funds, including the Fund, by an affiliate of Fortress Investment Group. (Doc. 27-2 pg. 1.) That transaction cannot serve as the basis for a fraudulent transfer claim because D.B. Zwirn & Co. did not transfer *ownership* of the Fund's investments (which D.B. Zwirn & Co. did not own); it was simply replaced as the Fund's manager.

The only discussion in the proxy statement concerning a transfer of any assets is summarized on page 6 and discussed in detail on pages 13 and 65 through 70. That discussion is not about the billions of dollars of assets that Plaintiffs' fraudulent conveyance claims are based on, but a discrete list of tangible and intangible property that D.B. Zwirn & Co. used to manage the funds—things like computer software and data. (Doc. 27-2 pg. 13.) Critically, the proxy statement is clear that, contrary to Plaintiffs' allegations, these discrete assets were not transferred to Fortress Investment Group but, instead, were either transferred to an entity owned by the investment funds or retained by D.B. Zwirn & Co. (Doc. 27-2 pg. 6.) Thus, the very document that Plaintiffs rely upon contradicts the factual basis for their claim. *Griffin Indus*, 496 F.3d at 1206.

The billions of dollars in "assets" at issue in Plaintiffs' fraudulent transfer claims were not transferred to anyone as a result of the change in management; they were owned by the Fund both before and after the manager changed. Accordingly, counts I-IV must be dismissed as to Fortress Investment Group for failure to state a claim upon which relief can be granted.

**B.     Plaintiffs have failed to join an indispensable party—the alleged transferee.**

If the Court decides that any of Plaintiffs' fraudulent transfer claims should stand, even though the underlying predatory lending suit has been dismissed and Fortress Investment Group is not the transferee of any assets, counts I-IV still must be dismissed because Plaintiffs have failed to sue the proper defendant, the alleged transferee, who is an indispensable party to those claims.[4] An action should be dismissed for failure to join an indispensable party where: (i) the court determines that the party in question should be joined, but for some reason cannot be, and (ii) the court determines after consulting the factors in Rule 19(b) that the case should be dismissed. Fed. R. Civ. P. 19; *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

It is self-evident that the alleged transferee of assets should be joined as a party to a fraudulent transfer action. By definition, the transferee is in possession of the assets that are the subject of the claim, so any judgment will necessarily affect the transferee (and, conversely, a judgment that did not bind the transferee would be virtually useless to undo the conveyance). Fed. R. Civ. P. 19(a)(1)(A) (stating party should be joined if the court cannot accord compete relief in the party's absence); s*ee also Scoggins v. Fredrick*, 629 F.2d 426, 427-28 (5th Cir. 1980) (affirming dismissal of action to set aside

---

[4] As discussed above, the alleged transfer never happened because the assets at issue belonged to the Fund and they never changed hands, so there is no transferee to join. This argument simply assumes the truth of Plaintiffs' allegations and points out another fatal flaw in them.

8

conveyance of real property where the party in possession of the property was not joined). Indeed, the cases discussed in Section A above suggest that the transferee is the *only* proper defendant to a fraudulent transfer action. *See, e.g., Freeman*, 865 So. 2d at 1275. The alleged transferee should be a party to a fraudulent transfer action.

The transferee of Plaintiffs' alleged fraudulent conveyance is not, however, a party to this case. Plaintiffs allege that Defendants D.B. Zwirn Special Opportunities Fund, L.P. and D.B. Zwirn (individually) were the transferors. (Doc. 27 ¶¶ 3, 4.) Although the Amended Complaint does not explain their role in any of the events at issue, Plaintiffs allege that Defendants RL Transition Corporation and Rocklynn Radio, LLC are entities related to and controlled by Zwirn, and that they were on the "transferor" side of the alleged conveyance. (Doc. 27 ¶¶ 17, 34.) The only other defendant in this case is Fortress Investment Group and, as explained above, it is not the transferee either.

Where, as here, the transferee of an allegedly fraudulent conveyance cannot be joined, all four of the factors considered under Rule 19(b) favor dismissal. Fed. R. Civ. P. 19(b); *Scoggins*, 629 F.2d at 427-28 (holding the Rule 19(b) factors favored dismissal where plaintiff failed to join holder of life estate in action to set aside conveyance of real property). First, a judgment reversing a fraudulent conveyance would certainly prejudice the transferee who, by definition, is in possession of the assets being un-conveyed (or, if ineffective as to the transferee, the judgment would prejudice the existing parties because it would be an exercise in futility). Second, that prejudice cannot be avoided by protective provisions, special relief, or other measures—the judgment is either effective (and thereby prejudicial to the non-party transferee) or ineffective (and useless). Third,

the judgment would not be adequate for the reasons just stated. Fourth, Plaintiffs would certainly have a remedy if the case is dismissed—they could sue in a court that does have jurisdiction over a claim including the transferee.

The transferee of Plaintiffs' alleged fraudulent conveyance should be a party defendant to this action, but it is not (because it does not exist). The Rule 19(b) factors strongly support a dismissal under these circumstances. Accordingly, counts I-IV should be dismissed for failure to join an indispensable party.

C. **The Amended Complaint does not comply with Rules 8 and 9(b).**

Counts I and II of the Amended Complaint do not state a claim (regardless of whom they are asserted against) because they are not alleged with the specificity required by Rule 8. Counts III and IV fail because they do not satisfy Rule 9(b).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1949. A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant acted unlawfully." *Id*. While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. (quotation marks and citations omitted).

Counts I and II are deficient because, to state a plausible claim for a fraudulent transfer, Plaintiffs must plead facts showing that Fortress Investment Group was the recipient of a "transfer," which is defined in the Uniform Fraudulent Transfer Act as "every mode . . . of parting with an asset." § 726.102(12), Florida Statutes (2010). An "asset," in turn, is defined as the "property of a debtor." § 726.102(2), Florida Statutes (2010). Thus, Plaintiffs must plead facts showing that the alleged debtor (the Fund) transferred *its property* to Fortress Investment Group.

Plaintiffs have failed to do so, however, because they merely assert that Zwirn "transferred **control over** valuable assets . . . worth more than $7 billion." (Doc. 27) (emphasis added) (*see also* Doc. 27 ¶¶ 41, 43, 44). That distinction is critical in light of the transaction described in the proxy statement (which controls where it conflicts with Plaintiffs' allegations). As discussed above, the "more than $7 billion" that Plaintiffs refer to is the purported value of the Fund's investments that D.B. Zwirn & Co. formerly managed; D.B. Zwirn & Co. did not own the Fund's investments so it certainly could not "transfer" them. Rather, an affiliate of Fortress Investment Group contracted to assume management of the Fund. The management change did not transfer the Fund's investments to Fortress Investment Group (or any of its affiliates). D.B. Zwirn & Co.'s alleged transfer of "control over" the Fund's investments is not a "transfer" under the UFTA because it does not involve "assets." Counts I and II fail because Plaintiffs have failed to plead a fraudulent transfer claim that is plausible on its face; count III (conspiracy to commit fraudulent transfer) and count IV (aiding and abetting a fraudulent transfer) fail as a consequence of the foregoing because Counts I and II are the necessary predicate offenses underlying them. *Posner v. Essex Ins. Co., Ltd*., 178 F.3d 1209, 1217-

18 (11th Cir. 1999) (holding there must be an actionable wrong underlying a conspiracy claim); *see also In re Caribbean K Line, Ltd.*, 288 B.R. 908 (S.D. Fla. 2002) (holding one of the elements of aiding and abetting claim is the existence of actionable wrong).

Counts III and IV are independently deficient because Plaintiffs have failed to plead conspiracy to engage in fraudulent conduct and aiding and abetting fraudulent conduct (an actual or constructive fraudulent transfer) with the specificity required by Rule 9(b). *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007) (evaluating claims for conspiracy to commit fraud and aiding and abetting fraud under Rule 9(b)'s heightened pleading requirements). Plaintiffs have alleged only conclusory statements with no facts supporting them (e.g. Doc. 27 ¶¶ 51-52, 55-56), which is insufficient under Rule 9(b) (and likely under Rule 8 as well). *Id.* at 1067-68 (dismissing claims for aiding and abetting fraud and conspiracy to commit fraud where plaintiff failed to pled specifics of defendants' conduct). Moreover, Plaintiffs' conclusory statements are made on "information and belief," which is generally insufficient under Rule 9(b) where there is no indication of the basis for that information and belief. *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (*quoting United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1040, 1051-53 (S.D. Ga. 1990)). Counts III and IV must be dismissed for failure to satisfy Rule 9(b). [5]

---

[5] If Plaintiffs are permitted to amend their complaint, however, they should be directed not to incorporate prior, unrelated allegations into each successive count (e.g. paragraph 53 incorporates all of Plaintiffs' general allegations, as well as the previous four fraudulent conveyance counts, into Plaintiffs' unjust enrichment claim). *See Ferdinand v. Caribbean Air Mail, Inc.*, Case No. 01-2113-CIV-Jordan, 2002 WL 1907158 (S.D. Fla. May 24, 2002) ("The Eleventh Circuit has interpreted Rule 10(b) of the Federal Rules of Civil Procedure as not allowing the incorporation of all the factual allegations of all prior counts in to each subsequent count.") (*citing Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996)).

**D. Count V does not state a claim for unjust enrichment.**

A claim for unjust enrichment exists in equity where the plaintiff has conferred a benefit on the defendant under circumstances where it would be unjust for the defendant not to pay for it. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). Plaintiffs have not alleged (and cannot allege) that Plaintiffs conferred a benefit on Fortress Investment Group; indeed, there is no allegation in the Amended Complaint that Plaintiffs and Fortress Investment Group had any dealings or relationship whatsoever. Count V must therefore be dismissed as a matter of law.

**E. Plaintiffs' claim for attorneys' fees should be stricken.**

Rule 12(f) of the Federal Rules of Civil Procedure provides, in part, that the Court may strike from a pleading any "immaterial or impertinent" material. Florida federal courts recognize the general rule that attorneys' fees cannot be awarded unless provided for by contract or statute. *See, e.g., CC-Aventura, Inc. v. Weitz Co.*, No. 06-21598-CIV, 2007 WL 2176027, *3 (S.D. Fla. July 25, 2007); *Conn. Indem. Co. v. Palivoda*, No. 04-CV-1044T-24MSS, 2004 WL 3661069, *4 (M.D. Fla. Aug. 24, 2004); *Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1543 (S.D. Fla. 1989). In the absence of grounds for such an award, a claim for attorneys' fees is vulnerable to a motion to strike because it is "immaterial or impertinent." *See, e.g., CC-Aventura*, 2007 WL 2176027 at *3 (striking claims for attorneys fees where plaintiff did not plead a contractual or statutory right to such an award); *Palivoda*, 2004 WL 3661069 at *4 (same); *Bankest*, 717 F. Supp. at 1543 (same). Plaintiffs request an award of attorneys' fees in paragraph H of their prayer for relief, but they have not cited any basis in law or contract for such an award. Accordingly, Plaintiffs' claims for attorneys' fees should be stricken.

## CONCLUSION

Plaintiffs' vexatious litigation tactics should be brought to an end. Simply stated, "enough is enough." For the reasons stated herein, Fortress Investment Group respectfully requests that all of Plaintiffs' clams be dismissed with prejudice.

Respectfully submitted,

/s/ Dennis P. Waggoner
Dennis P. Waggoner – Trial Counsel
Florida Bar No. 509426
dwaggoner@hwhlaw.com
David L. Luikart III
Florida Bar No. 21079
dluikart@hwhlaw.com
HILL WARD HENDERSON
101 E. Kennedy Boulevard, Suite 3700
P.O. Box 2231
Tampa, FL 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
*Attorneys for Fortress Investment Group*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| David Hywel Leonard | Charles W. Cherry II, Esq. |
| Fentrice Driskell | 5200 SW 18 Street |
| Carlton Fields, P.A. | Plantation, Florida  33317 |
| Counsel for RL Transition Corp. and | |
| Rocklynn Radio, LLC | Percy Squire, Esq. |
| | 514 S. High Street, |
| | Columbus, Ohio 43215 |
| | Counsel for Plaintiffs |

                                               /s/ Dennis P. Waggoner