UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROUP ASSETS, LLC, et al.

    Plaintiffs,

vs.                                  Case No. 8:09-cv-01530-T-30EAJ

FORTRESS INVESTMENT GROUP, et al.

    Defendants.
_____/

## CASE MANAGEMENT REPORT

1.    <u>Meeting of Parties</u>: Pursuant to Local Rule 3,05(c)(2)(B) or (c)(3)(A), a meeting was held on February 22, 2010, (date) at 11:00 a.m. (time) (check one( <u>x</u>) by telephone (or) (_____) at _____ (place) and was attended by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| Percy Squire | Counsel for Plaintiffs |
| David Hywel Leonard | Counsel for RL Transition Corp; Rocklynn Radio, LLC; and D.B. Zwirn Special Opportunities Fund, L.P. (n/k/a Fortress Value Recovery Fund I LLC) (collectively, the "Zwirn Defendants") |
| David L. Luikart, III | Counsel for Fortress Investment Group LLC ("Fortress") |
| Unrepresented | D.B. Zwirn (did not participate, not served) |

2.    Initial Disclosures:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E). or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information: (B) a copy of or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that

16621664.3

the disclosing party may use to support its claims or defenses, unless solely for impeachment: (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based. including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

\_\_\_\_\_   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____ (date).[2]

\_\_\_\_\_   stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____
_____

\_\_X\_\_   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties): **Defendants collectively object to the disclosure of such information and the commencement of any discovery in this matter until such time as the Court has ruled on the pending motions to dismiss Plaintiffs' Amended Complaint.**

3. <u>Discovery Plan - Plaintiff</u>: Plaintiffs propose the following Plaintiffs discovery plan:

    a. <u>Plaintiffs Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

(1) <u>Requests for Admission</u>:

Requests will be served to establish the transfer of control over Zwirn assets to Fortress

Number of Requests for Admission: Parties may seek to limit the number of Plaintiffs requests for admission in accordance with Fed. R. Civ, P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

Same as above

Number of Interrogatories Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P, including all parts and subparts," Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection</u>:

Same as above

(4) <u>Oral Depositions</u>:

Depositions will be taken of all defendants by Plaintiffs.

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R, Civ. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length of <u>Deposition</u> | <u>Grounds</u> |
|---|---|---|

(cont'd)

|  Name  |  Proposed length of Deposition  |  Grounds  |
|---|---|---|

b.  Disclosure of Expert Testimony:  Plaintiffs propose that in accordance with Fed. R. Civ, P. 26(a)(2)(C), Plaintiff's Fed. R. Civ. P 26(a)(2) disclosure will be due as noted here:

Within 90 days of the close of fact discovery.

c.  Supplementation of Disclosures and Responses: Parties agree that Plaintiffs supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

d.  Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before  12-31-10  (date).

4. Discovery Plan – Defendants: Defendants propose the following discovery plan:

**Introduction**

**Defendants object to the commencement of any discovery in this matter and contend that the Court should stay all discovery pending resolution of Defendants' dispositive motions.  The Zwirn Defendants' Motion to Strike or, in the Alternative, to Dismiss (Doc. 30) and Fortress's Motion to Dismiss and to Strike (Doc. 31) Plaintiffs' Amended Complaint are both fully briefed and awaiting resolution by this Court.**

**Defendants' motions raise several issues regarding what the Defendants assert are fatal defects in Plaintiffs' Amended Complaint.  Particularly, Plaintiffs can no longer assert that they are "creditors" of the Zwirn Defendants.  Plaintiffs claim that they are "creditors" because of the pendency of a related action, <u>Glenn Cherry, et al. v. D.B. Zwirn Special Opportunities Fund, L.P., et al.</u>, No. 8:09-cv-33-T-33EAJ (M.D. Fla. (Tampa)).  But on January 27, 2010, this Court dismissed that action with prejudice.  Now that the Court has dismissed the related action, Plaintiffs have no basis to bring their claims as creditors of the Zwirn Defendants.**

**Either motion to dismiss, if granted, would radically affect the procedural posture of this case and potentially dispose of Plaintiffs' claims altogether.  For these reasons, Defendants contend that the Court should stay all discovery in this matter pending the resolution of the motions to dismiss.**

a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and-the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

**Defendants assert that the Court should stay discovery in this matter pending resolution of Defendants' motions to dismiss. To the extent that this Court permits discovery, Defendants anticipate that any requests for admissions will be limited to issues relating to: (1) Plaintiffs' lack of a creditor relationship with any of the Zwirn Defendants; and (2) the allegations asserted by Plaintiffs.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ, P. 26(b)(2) Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

**Defendants assert that the Court should stay discovery in this matter pending resolution of Defendants' motions to dismiss. To the extent that this Court permits discovery, Defendants anticipate that any written interrogatories will be limited to issues relating to: (1) Plaintiffs' lack of a creditor relationship with any of the Zwirn Defendants; and (2) the allegations asserted by Plaintiffs.**

(3) <u>Requests for Production or Inspection</u>:

**Defendants assert that the Court should stay discovery in this matter pending resolution of Defendants' motions to dismiss. To the extent that this Court permits discovery, Defendants anticipate that any requests for production or inspection will be limited to issues relating to: (1) Plaintiffs' lack of a creditor relationship with any of the Zwirn Defendants; and (2) the allegations asserted by Plaintiffs.**

(4) <u>Oral Depositions</u>:

**Defendants assert that the Court should stay discovery in this matter pending resolution of Defendants' motions to dismiss. To the extent that this Court permits discovery, the Defendants anticipate that any oral depositions will be limited to issues relating to: (1) Plaintiffs' lack of a creditor relationship with any of the Zwirn Defendants; and (2) the allegations asserted by Plaintiffs.**

Number of Depositions: Local Rule 3,02(b) provides, "[i]n accordance with Fed. R Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ, P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | Proposed length of <u>Deposition</u> | <u>Grounds</u> |
|---|---|---|
|  |  |  |

b. <u>Disclosure of Expert Testimony</u>: Defendants propose, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**February 25, 2011.**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Defendants assert that they will make any supplementation of disclosures and responses as necessary in accordance with the Federal Rules of Civil Procedure.**

d. <u>Completion of Discovery</u>: Defendants will commence all discovery in time for it to be completed on or before **April 27, 2011** (date).

5. Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information. assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**N/A**

6. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**Plaintiffs seek to commence discovery immediately. Defendants contend that all discovery should be stayed pending resolution of Defendants' respective motions to dismiss Plaintiffs' Amended Complaint.**

7. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing:

   a. motions for leave to file third party claims and/or motions to join parties should be **July 12, 2010**.

   b. motions for summary judgment and all other potentially dispositive motions should be **May 27, 2011**. (Note time limit in Local Rule 4.03.)

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(o)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
\_\_\_\_ likely   (check one)
  X   unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8 02(8)(3) and 8.0 (b).
\_\_\_\_\_ yes          X  no          \_\_\_\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.
\_\_\_\_\_ yes     X   no     \_\_\_\_\_ likely to agree in future

10. Preliminary Pretrial Conference:

Track Three Cases: Local Rule 3.05(c)(3)(8) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
  X   request  (check one)
 _____ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11.     Final Pretrial Conference and Trial:

    The Parties are unable to reach an agreement regarding the date that they will be ready for a final pretrial conference and trial.

    Plaintiffs state that they will be ready for a final pretrial conference on or after **February 28, 2011** (date) and for trial on or after **March 15, 2011** (date).  Plaintiffs request a **one-week jury trial**.

    Defendants suggest that this case be dismissed or be stayed.  If the case proceeds, Defendants will be ready for a final pretrial conference on or after **July 11, 2011** (date) and for trial on or after **September 8, 2011** (date).  Defendants request a **four-day non-jury trial**.

12.     Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.     Other Matters:

    Defendants object to the timing set forth in Plaintiffs' proposed discovery plan.  Plaintiffs indicate that they will make their expert disclosures "within 90 days of the close of fact discovery."  Defendants suggest that Plaintiffs should disclose any expert testimony by January 26, 2011, and that Plaintiffs should commence any discovery so that it may be completed by March 28, 2011.

    The parties consent to the use of electronic signatures for purposes of this Case Management Report.

                                        **Date:  April   7    , 2010**

**/s/ Fentrice D. Driskell_____**          **/s/ Percy Squire_____**
David Hywel Leonard                         Percy Squire, Esq.
Florida Bar No. 0296376                     PERCY SQUIRE CO., LLC
Fentrice D. Driskell                        514 S. High Street
Florida Bar No. 0833851                     Columbus, Ohio 43215
CARLTON, FIELDS, P.A.                       Telephone: (614) 224-6528
P.O. Box 3239                               Fax: (614) 224-6529
Tampa, FL 33601-3239                        psquire@sp-lawfirm.com, and
Telephone: (813) 223-7000
Facsimile: (813) 229-4133                   Charles W. Cherry II, Esq.
hleonard@carltonfields.com                  Florida Bar No. 382221
fdriskell@carltonfields.com                 5200 SW 18 Street

16621664.3                      - 8 -

Attorneys for the Zwirn Defendants

Plantation, Florida  33317
Telephone: (813) 267-7342
Facsimile: (954) 583-9667
ccherry2@aol.com
Attorneys for Plaintiffs

**/s/ David L. Luikart III_____**
Dennis P. Waggoner
Florida Bar No. 509426
dwaggoner@hwhlaw.com
David L. Luikart III
Florida Bar No. 21079
dluikart@hwhlaw.com
HILL WARD HENDERSON
101 E. Kennedy Boulevard, Suite 3700
P.O. Box 2231
Tampa, FL 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
Attorneys for Fortress Investment Group LLC

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.