UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROUP ASSETS, LLC., ET AL.,
                Plaintiffs,

vs.                                     Case No.8:09-CIV-1530-T-33EAJ

FORTRESS INVESTMENT GROUP, ET AL.,
                Defendants.
_____/

## *CASE MANAGEMENT AND SCHEDULING ORDER*

1.    **TRIAL:** This case is scheduled for a ***non-jury*** trial in Tampa, Florida, during the Court's ***May, 2011*** trial calendar. Estimated length of trial is four days.

2.    **PRETRIAL CONFERENCE:** A Pretrial Conference will be held before the Honorable Virginia M. Hernandez Covington, United States District Judge, in the Sam M. Gibbons United States Courthouse, Courtroom 14B, Fourteenth Floor, Tampa, Florida, on ***Friday, April 15, 2011, at 9:00 a.m.***. Parties are directed to meet the pretrial disclosure requirements and deadlines in Fed. R.Civ. P. 26(a)(3) and to adhere to all requirements in Local Rule 3.06 concerning final pretrial procedures. **The parties shall file a JOINT Pretrial Statement on or before Friday, April 8, 2011.** Failure to do so, may result in the imposition of sanctions. The Pretrial Conference shall be attended by lead trial counsel who is vested with full authority to make agreements touching on all matters pertaining to the trial.

3.    **DISCLOSURE OF EXPERT TESTIMONY:** The Parties shall disclose the identity of any expert witnesses and expert reports by ***February 25, 2011.***

4.    **THIRD PARTY CLAIMS, JOINDER OF PARTIES & AMENDMENTS:** Parties shall have until ***July 12, 2010,*** to file Third Party Claims, Motions to Join Parties, and Motions to Amend Pleadings.

5.    **DISCOVERY CUTOFF:** All discovery is to be completed by the parties on or before ***December 31, 2010.***

6.    **DISPOSITIVE MOTIONS CUTOFF:** Dispositive motions shall be filed on or before ***January 31, 2011.***

7.    Motions to amend any pleading or to continue the pretrial conference, trial or any other scheduled deadlines are distinctly disfavored after entry of the Case Management and Scheduling Order. (See Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D)).

8. **SUMMARY JUDGMENT PROCEDURES:** The following procedures shall be followed by the parties:

- (a) A party's claims or defenses for which summary judgment is sought <u>shall</u> be presented in a <u>single</u> motion, and legal memorandum. Multiple motions for summary judgment will not be permitted.

- (b) Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than fourteen (14) days after the filing date of the motion.

- (c) Pursuant to Rule 56(c), Fed.R.Civ.P., as interpreted by the Eleventh Circuit Court of Appeals, the parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or in opposition thereto under advisement as of the last day for filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court. **Failure to respond to a motion for summary judgment shall indicate there is no opposition to the motion and may result in final judgment being entered without a trial or other proceeding.**

- (d) Motions to extend time or to alter any requirements set forth in this order or the other rules governing summary judgment motions, including the page limit for memoranda of law pursuant to the Local Rules, are distinctly disfavored.

- (e) Oral argument or hearings will generally **NOT** be held on the motion.

9. Any **motions in limine** shall be filed with the Clerk of Court at least three (3) weeks prior to the commencement of the trial term.

10. Not later than **five (5) days prior to the date on which the trial *term* is set to commence**, *see* ¶ 1, the parties **shall file** with the Clerk of Court, the following (and as to each of the following, and in addition provide directly to Chambers, via the Chambers email account at **chambers_flmd_covington@flmd.uscourts.gov** the parties' jury instructions and verdict form(s) in **WordPerfect format.**

- (a) **Trial Brief:** A trial brief shall be filed only if there are disputed issues of law likely to arise at trial that have not been addressed by previous motions; **and either (b) or (c) below, as appropriate**.

- (b) **If case is a jury trial**, the following:

    - (1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

(2) *Proposed Voir Dire* (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration);

(3) A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1); and

(4) **Proposed Verdict Form**

(c) **If case is a non-jury trial**, **Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel). Counsel shall provide the Court with a diskette containing the parties' Proposed Findings of Fact and Conclusions of Law in WordPerfect format at the end of trial.

12. **CONSENT TO TRIAL BY MAGISTRATE JUDGE:** In accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P.73, the parties may consent to have the assigned United States Magistrate Judge conduct any and all further proceedings in this case, including the trial.

13. **SETTLEMENTS**: Counsel shall immediately notify Chambers or the Courtroom Deputy Clerk if their case has settled. (See Local Rule 3.08). Notices of settlement must be in writing.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd of April, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties & Counsel of Record