UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROUP ASSETS, LLC, et al.,

     Plaintiffs,

v.

FORTRESS INVESTMENT
GROUP LLC, et al.,

     Defendants.

Case No.:  8:09-cv-01530-VMC-EAJ

## DEFENDANT FORTRESS INVESTMENT GROUP LLC'S MOTION TO STAY DISCOVERY AND SUPPORTING MEMORANDUM OF LAW

Defendant Fortress Investment Group LLC ("Fortress"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), moves this Court to stay discovery in this case until after this Court rules on Fortress's case dispositive motion to dismiss (Doc. 29).  In support, Fortress states:

### INTRODUCTION AND BACKGROUND

In March 2009, Plaintiffs sued the D.B. Zwirn Special Opportunities Fund, L.P. (the "Fund"), its principal Daniel Zwirn, and others, in a putative class action filed in this Court (case number 8:09-CV-0033-VMC-EAJ).  Plaintiffs alleged in that case that an approximately $20 million loan that the Fund made to Tama Broadcasting, Inc. was part of a predatory lending scheme that ultimately resulted in the Fund foreclosing on Tama's collateral.  Plaintiffs asserted various state and federal claims in that case, all predicated on their "predatory lending" theory.

In this case, Plaintiffs allege in their Amended Complaint (Doc. 27) that, after the predatory lending suit was filed, the Fund transferred substantially all of its assets to Fortress (or a related entity or entities).  Plaintiffs claim that they are the Fund's creditors because of their claims in the predatory lending suit and that, accordingly, they have standing to set aside the alleged transfer from the Fund to Fortress as a fraudulent conveyance.

Shortly before Fortress was due to respond to Plaintiffs' Amended Complaint, this Court dismissed Plaintiffs' claims in the predatory lending suit with prejudice.  Fortress then moved to dismiss Plaintiffs' Amended Complaint for several reasons, but primarily because Plaintiffs' fraudulent conveyance theory failed as a matter of law once the underlying predatory lending suit was dismissed.  Fortress's motion to dismiss is pending.

Plaintiffs have recently asked for dates in the next few weeks to take the depositions of Defendants' corporate representatives.  Fortress does not believe that it should have to incur the expense and the intrusion of discovery because its pending motion to dismiss is case dispositive and likely to be granted.  Accordingly, Fortress asks this Court to stay discovery until after it rules on Fortress's motion to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes stays of discovery upon a showing of good cause and reasonableness.  *Yerk v. PETA*, No. 2:09-cv-537-FtM-29SPC, 2010 WL 1730754 (M.D. Fla. April 28, 2010) (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).  A request to stay discovery pending resolution of a motion is appropriate where the pending motion is both meritorious and case dispositive.  *Id.* at *1.  Thus, in connection with ruling on a motion to stay discovery a court must take a "preliminary peek" at the merits

of the pending motion to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685 (citing *Feldman v. Flood*, 176 F.R.D. 651, 652-653 (M.D. Fla. 1997)). If the pending motion passes this threshold evaluation, a court must then "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* "This involves weighing the likely costs and burdens of proceeding with discovery." *Id.*

ANALYSIS

Fortress's motion to dismiss easily passes muster under the first part of the analysis, and the unique facts and procedural posture of this case make a temporary stay appropriate. Fortress's motion is meritorious because this Court has dismissed with prejudice the underlying predatory lending suit on which Plaintiffs' claims against Fortress in this case are based. Without the underlying lawsuit, Plaintiffs claims in this case fail as a matter of law. (Doc. 29 4-5.)

In addition, Fortress has moved to dismiss Plaintiffs' claims because an exhibit to Plaintiff's Amended Complaint shows that the Fund did not transfer ownership of its assets to Fortress (or to anyone); it simply changed who managed those assets. (*Id.* at 5-8.) Under applicable law, that is not a "transfer" this Court can set aside. Fortress's arguments attack the legal sufficiency of Plaintiffs' claims, so the motion is case dispositive. Thus, Fortress's motion passes the threshold inquiry discussed in *Yerk* and *McCabe* because it is clearly meritorious and case dispositive for two independent reasons.

The next step is to balance the harm Plaintiff will suffer if discovery is stayed against the likelihood that the case will be dismissed. Staying discovery until the Court rules on

Fortress's motion to dismiss would, based on past experience with this Court, not cause a significant delay. While the Court certainly has a better understanding of its calendar than the undersigned does, the delay in beginning discovery would likely be brief if Fortress's motion is denied. This case is in its early stages and the case management and scheduling order (Doc. 35) was only recently entered. Thus, the burden on Plaintiff would be slight. Moreover, as this Court is well aware, Plaintiffs have been (unsuccessfully) litigating these issues in multiple forums for several years; there is no reason to believe that a slight delay at this early stage will cause Plaintiffs any undue prejudice.

On the other hand, it is likely that Plaintiffs' Amended Complaint will be dismissed for the two independent reasons discussed above. The high likelihood that this case will be dismissed, coupled with the burden and expense of taking the depositions of the parties' corporate representatives, who are all located out of state, weighs heavily in favor of temporarily staying discovery. *Yerk*, 2010 WL 1730754 at *2 (granting defendant's motion to stay discovery where defendant had filed dispositive motions attacking legal sufficiency of plaintiff's claims).

Plaintiffs may argue, consistent with their response to Fortress's motion to dismiss (Doc. 32), that discovery should proceed in this case until after Plaintiffs' appeal of the order dismissing their underlying claims is concluded. The slim chance that Plaintiffs will prevail on appeal, especially given their lack of success litigating these same core issues in related matters, does not change the analysis above. If anything, it supports staying discovery until the appeal is concluded. Additionally, Fortress's argument that the Fund did not transfer

ownership of its assets to Fortress (or to anyone) is independently meritorious and case dispositive, and it would not be affected by the outcome of Plaintiffs' appeal.

CONCLUSION

It is common knowledge that discovery is the most invasive and expensive part of civil litigation. Postponing for a short time the start of that taxing journey is appropriate here given the unusual fact that this Court has already dismissed the lawsuit that forms the basis for Plaintiffs' claims in this action. Accordingly, Fortress respectfully requests that this Court stay discovery until after it rules on Fortress's motion to dismiss.

Respectfully submitted,

/s/ Dennis P. Waggoner
Dennis P. Waggoner – Trial Counsel
Florida Bar No. 509426
dwaggoner@hwhlaw.com
David L. Luikart III
Florida Bar No. 21079
dluikart@hwhlaw.com
HILL WARD HENDERSON
101 E. Kennedy Boulevard, Suite 3700
P.O. Box 2231
Tampa, FL 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
*Attorneys for Fortress Investment Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David Hywel Leonard
Fentrice Driskell
Carlton Fields, P.A.
Counsel for RL Transition Corp. and
Rocklynn Radio, LLC

Charles W. Cherry II, Esq.
5200 SW 18 Street
Plantation, Florida 33317

Percy Squire, Esq.
514 S. High Street,
Columbus, Ohio 43215
Counsel for Plaintiffs

/s/ Dennis P. Waggoner