UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROUP ASSETS, LLC, et al.,

    Plaintiffs,

v.                                                Case No. 8:09-CV-1530-T-33EAJ

FORTRESS INVESTMENT GROUP,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the court are Defendant Fortress Investment Group, LLC's **Motion to Dismiss and to Strike** (Dkt. 29); Defendants RL Transition Corporation, Rocklynn Radio, LLC, and D.B. Zwirn Special Opportunities Fund, L.P.'s **Motion to Strike or, in the Alternative, Dismiss Plaintiff's Amended Complaint** (Dkt. 30); and Plaintiffs' **Opposition** (Dkt. 32).[1]

## Background

In March 2009, Plaintiffs filed a shareholders' derivative suit ("the Derivative Suit") against, inter alia, D.B. Zwirn Special Opportunities Fund, L.P. ("the Fund") and Daniel B. Zwirn ("Zwirn"). See WHYZ Radio, L.P. v. D.B. Zwirn Special Opportunities Fund, 8:09-CV-0033-T-33EAJ (M.D. Fla. Mar. 17, 2009) (first amended complaint).[2] The Derivative Suit was dismissed with prejudice,

_____

[1] The motions have been referred to the undersigned for a report and recommendation. See 28 U.S.C. § 636(b)(1).

[2] Examination of evidence outside the pleadings, including exhibits attached thereto, typically requires summary judgment analysis under Rule 56, Fed. R. Civ. P. See Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion."). However, judicial notice of filings in another action does not convert a motion to dismiss into a motion for summary judgment. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278-80

however, Plaintiffs' appeal of that dismissal is currently pending before the Eleventh Circuit.

In August 2009, Plaintiffs filed the instant suit against Fortress Investment Group ("Fortress"), RL Transition Corporation ("RL"), Rocklynn Radio, LLC/Growth Partners, L.P ("Rocklynn"), the Fund, and Zwirn.[3] Plaintiffs allege that approximately three months after they filed the Derivative Suit, the Fund transferred control over substantially all of its assets to Fortress and/or Fortress's affiliate(s) for substantially less than fair value (Dkt. 1 at ¶ 3). A May 5, 2009 proxy statement ("the Proxy Statement") (Dkt. 27 Ex. B) documents the transfer at issue (Dkt. 27 at ¶ 29). Plaintiffs assert claims of actual fraudulent transfer, constructive fraudulent transfer, civil conspiracy, aiding and abetting fraudulent conveyance, and unjust enrichment.

Defendants contend that 1) Plaintiffs' amended complaint should be stricken as untimely; 2) this court lacks subject-matter jurisdiction over Plaintiffs' claims; 3) Plaintiffs fail to state a claim; 4) Plaintiffs have not joined an indispensable party; 5) the fraudulent transfer claims fail to satisfy Rule 8, Fed. R. Civ. P.; and 6) the civil conspiracy and aiding and abetting claims fail to satisfy Rule 9, Fed. R. Civ. P.

**I.     Timeliness of Amended Complaint**

In December 2009, RL, Rocklynn, and the Fund moved to dismiss Plaintiff's initial complaint (Dkt. 19). Plaintiffs filed a memorandum in opposition to which they attached an amended complaint (Dkt. 25). The District Judge denied the motion to dismiss as moot and directed Plaintiffs to file their amended complaint as an independent document within five days (Dkt. 26).

---

(11th Cir. 1999).

[3] Defendant D.B. Zwirn has not joined in either of the motions to dismiss. As used in this order, the term "Defendants" refers to those Defendants named in the amended complaint aside from D.B. Zwirn.

Plaintiffs filed their amended complaint within ten days, not five days (Dkt. 27).

RL, Rocklynn, and the Fund request that the amended complaint be stricken as untimely. Plaintiffs respond that this request is "ridiculous" and "absurd" because they filed their amended complaint when responding to the motion to dismiss (Dkt. 32 at 11). Yet Plaintiffs offer no explanation for their failure to file their amended complaint by the court's deadline. In any event, even if dismissal due to untimeliness is inappropriate, the amended complaint is due to be dismissed on other grounds.

## II. Subject Matter Jurisdiction

Plaintiffs allege that this court has subject matter jurisdiction over their claims because the amount in controversy exceeds $75,000, they are citizens of Florida, and Defendants are citizens of Delaware or New York (Dkt. 27 at ¶¶ 5, 13, 17). See 28 U.S.C. § 1332. RL, Rocklynn, and the Fund respond that Plaintiffs' jurisdictional allegations are factually incorrect and legally insufficient because the Fund, now known as Fortress Value Recovery Fund I LLC, is a citizen of Florida (Dkt. 30 at 1, 22).

Extrinsic evidence, such as deposition testimony and affidavits, may be properly considered where a defendant attacks the factual basis for subject matter jurisdiction. Carmichael v. Kellogg Brown & Root Servs., 572 F.3d 1271, 1279 (11th Cir. 2009). Such evidence may be weighed freely and need not be viewed in the light most favorable to the plaintiff. Id.

In her sworn declaration, Fortress's managing director, Elise Hubsher ("Hubsher"), states that Fortress Value Recovery Fund I LLC was formerly known as D.B. Zwirn Special Opportunities Fund, L.P., that two of its members are Florida domiciled trusts, and that at least one beneficiary of

each of these trusts is an individual who is a Florida citizen (Dkt. 20).[4]  Plaintiffs' response to this contention is limited to the conclusory assertion that the Fund is "masquerading" as Fortress Value Recovery Fund (Dkt. 32 at 11).

"[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  "[T]he citizenship of trust fund members is determinative of the existence of diversity of citizenship."  Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Fla., 827 F.2d 1454, 1457 (11th Cir. 1987) (per curiam) (citation omitted); see also Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1339 (11th Cir. 2002) (holding that a business trust is treated as a citizen of each state in which it has at least one shareholder).

Hubsher's affidavit establishes that two of the Fund's members are citizens of Florida because they each have a beneficiary who is a Florida resident.  The Fund, therefore, is also a citizen of Florida.  Plaintiffs offer no evidence rebutting this conclusion.  Consequently, Plaintiffs' amended complaint should be dismissed for lack of subject matter jurisdiction.  That is not the only defect warranting dismissal, however.

## III.  Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff.  Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted).  To survive

---

[4] Although RL, Rocklynn, and the Fund filed Hubsher's Declaration in connection with their motion to dismiss Plaintiffs' initial complaint, they rely on the Declaration in support of their instant motion (Dkt. 30 at 23 n.31).

a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### a. Fraudulent Transfer Claims

Plaintiffs' fraudulent transfer claims are brought pursuant to Article 10, Section 270 of the laws of New York and Sections 726.105 and 726.106 of the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat. § 726.101 et seq. (Dkt. 27 at ¶¶ 41, 47). Defendants contend that Plaintiffs have failed to state a claim under either statute.

### i. Plaintiffs' Creditor Status

To bring a FUFTA claim, "a plaintiff must show that he or she has a 'claim' which qualifies the party as a 'creditor.'" Friedman v. Heart Institute of Port St. Lucie, 863 So.2d 189, 192 (2003) (citing Fla. Stat. § 726.102(4) (2002)). The term "claim" is "broadly constructed and 'means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.'" Id. (quoting Fla. Stat. § 726.102(3) (2002)). New York fraudulent conveyance law similarly defines a creditor as "a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent." N.Y. Debt. and Cred. Law § 270.

Defendants reason that Plaintiffs' claims in the Derivative Suit do not make them creditors of the Fund because those claims were dismissed with prejudice. Plaintiffs respond that they enjoy creditor status pending resolution of their appeal of the dismissal of those claims. Given the broad

5

construction of the term "claim" under Florida law, the possibility that Plaintiffs' claims arguably could survive appeal entitles Plaintiffs to creditor status in this matter.

        **ii.**     **Fortress's Transferee Status**

FUFTA defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." Fla. Stat. § 726.102(12). New York law defines a conveyance as "every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance." N.Y. Debt. and Cred. Law § 270.

The Proxy Statement proposed that Fortress's affiliate and indirect subsidiary, Fortress VRF Advisors I LLC, would replace D.B. Zwirn & Co., L.P as the Fund's investment manager (Dkt. 27 Ex. B at 1, 7). Plaintiffs allege that this constituted the requisite transfer or conveyance because the Fund parted with control over its assets (see Dkt. 27 at ¶ 38). Defendants counter that replacing the Fund's investment manager was not a transfer or conveyance because the Fund did not transfer ownership of its investments.

The Proxy Statement does not indicate that the Fund disposed of or parted with an interest in an asset by replacing its investment manager.[5] Although the Fund already had an investment manager, Plaintiffs fail to suggest how the Fund's control over its assets was affected by its selection of an alternative investment manager. Moreover, while Plaintiffs allege that the Fund and Zwirn transferred control of the Fund's assets with the intent to "hinder, delay, or defraud" creditors and/or

---

[5] When exhibits contradict general and conclusory allegations in a pleading, "the exhibits govern." Griffin Indus. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007).

future creditors (Dkt. 27 at ¶ 41), they have not alleged facts demonstrating how replacement of the Fund's investment manager impeded Plaintiffs' ability to recover from the Fund. Because Plaintiffs have failed to state claims for actual and constructive fraudulent transfer, those claims should be dismissed.[6]

### b. Civil Conspiracy / Aiding and Abetting Fraudulent Transfer

Plaintiffs' civil conspiracy and aiding and abetting claims are premised on their fraudulent transfer claims (Dkt. 27 at ¶¶ 51, 55). Because Plaintiffs fail to state a claim on the underlying fraudulent transfer counts, dismissal of their conspiracy and aiding and abetting claims is warranted. See Rogers v. Nacchio, 241 F. App'x 602, 609 (11th Cir. 2007) (per curiam) (unpublished) (approving dismissal of conspiracy and aiding and abetting claims where complaint failed to state claim on underlying counts); Behrman v. Allstate Life Ins. Co., 178 F. App'x 862, 863 (11th Cir. 2006) (per curiam) (unpublished) (approving dismissal of civil conspiracy claim under Florida law where predicate claims were properly dismissed).

### c. Unjust Enrichment

"To state a claim for unjust enrichment, a plaintiff must plead the following elements: 1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." Della

---

[6] As Plaintiffs point out, the Proxy Statement contemplates that "a creditor could potentially assert ... a fraudulent transfer on the basis that [D.B. Zwirn & Co., L.P.] did not receive fair consideration or reasonably equivalent value for the transferred assets" (Dkt. 27 Ex. B at 31). Plaintiffs, however, do not allege that they are creditors of D.B. Zwirn & Co., L.P. Unlike the Fund, D.B. Zwirn & Co., L.P. is not named as a Defendant in this suit or the Derivative Suit. Plaintiffs' reliance on this portion of the Proxy Statement is thus misplaced.

Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006).

Plaintiffs allege that "Defendants" were unjustly enriched at Plaintiffs' expense because Defendants transferred control of the Fund's assets and directly benefitted from receiving control over those assets (Dkt. 27 at ¶ 60-61). Plaintiffs do not clarify which Defendant(s) received the alleged benefit. Moreover, Plaintiffs do not allege that they themselves conferred the benefit.

Recognizing these flaws, Plaintiffs seek leave to amend their unjust enrichment claim to plead that they, through the Fund, conferred a benefit on Fortress. Plaintiffs overlook that "[t]he law of unjust enrichment is concerned solely with enrichments that are unjust independently of wrongs and contracts." Flint v. ABB, Inc., 337 F.3d 1326, 1331 n.2 (11th Cir. 2003). By premising their claim on the commission of a wrong, they seek restitution for wrongful enrichment rather than unjust enrichment. See Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). Plaintiffs' claim for unjust enrichment should be dismissed. See, e.g., State of Fla., Office of Att'y Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005).

## Conclusion

Plaintiffs' amended complaint should be dismissed under Rule 12(b)(1), Fed. R. Civ. P., because this court lacks subject matter jurisdiction over Plaintiffs' claims. Moreover, dismissal under Rule 12(b)(6), Fed. R. Civ. P., is warranted because Plaintiffs have failed to state a claim.[7]

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant Fortress Investment Group, LLC's Motion to Dismiss and to Strike (Dkt.

---

[7] Because dismissal of the entire complaint is warranted, Defendants' remaining arguments need not be addressed at this time.

29) be **GRANTED;**

(2) Defendants RL Transition Corporation, Rocklynn Radio, LLC, and D.B. Zwirn Special Opportunities Fund, L.P.'s Motion to Strike or, in the Alternative, Dismiss Plaintiff's Amended Complaint (Dkt. 30) be **GRANTED**; and

(3) Plaintiffs' Amended Complaint be **DISMISSED**.


**Date: June 22, 2010**

*/s/ Elizabeth S. Jenkins*
ELIZABETH A JENKINS
United States Magistrate Judge


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge

9