**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| GROUP ASSETS, LLC, DR. GLENN W. CHERRY, and CHARLES CHERRY, II, ESQ., : : : : Plaintiffs, : : vs. : : FORTRESS INVESTMENT GROUP, : FORTRESS VALUE RECOVERY : FUNDS II, RL TRANSITION : CORPORATION, ROCKLYNN RADIO, : LLC, D.B. ZWIRN SPECIAL : OPPORTUNITIES FUND, L.P., and : D.B. ZWIRN, : : Defendants. : | Case No. 8:09-cv-01530-T-30EAJ |

**ZWIRN DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO
REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO
STRIKE OR DISMISS AMENDED COMPLAINT**

Defendants RL Transition Corp. ("RL Transition"); Rocklynn Radio, LLC ("Rocklynn"); and D.B. Zwirn Special Opportunities Fund, L.P. (n/k/a Fortress Value Recovery Fund I LLC) (the "VRF Fund") (collectively, the "Zwirn Defendants") hereby file this response to Plaintiffs' objections (Doc. 46) to Magistrate Judge Elizabeth A. Jenkins's June 22, 2010 Report and Recommendation (Doc. 43) on Defendants' motions to strike or dismiss the Amended Complaint.[1]

---

[1] Though not addressed in Magistrate Judge Jenkins's Report, the claims against defendants RL Transition and Rocklynn should be dismissed for the additional reason that the Amended Complaint fails to plead *any* facts supporting *any* legal theory against those defendants. Indeed, these defendants are mentioned only once in the Amended Complaint, in a paragraph alleging that they are "citizen[s] of New York or Delaware [and] are entities 100% controlled by Zwirn." Am Compl. ¶ 17. *See* Motion to Strike or Dismiss (Doc. 30) at 21.

## ARGUMENT

### I. THE AMENDED COMPLAINT WAS NOT TIMELY FILED AND SHOULD BE STRICKEN

As set forth in the Zwirn Defendants' Motion to Strike or Dismiss (Doc. 30), the Amended Complaint should be stricken as untimely because Plaintiffs' failed to comply with this Court's January 7, 2010 Order directing the Plaintiffs to file their Amended Complaint "within five days of the date of this Order." (Doc. 26) Magistrate Judge Jenkins's Report did not reach a conclusion as to whether the Amended Complaint should be stricken for this reason because she found that "even if dismissal due to untimeliness is inappropriate, the amended complaint is due to be dismissed on other grounds." Report at 3. Nonetheless, as Magistrate Judge Jenkins noted, Plaintiffs have failed to address their lack of compliance with the January 7, 2010 Order other than to assert that the request to strike the complaint as untimely is "ridiculous" and "absurd." Report at 3. Nor do Plaintiffs address this issue in their Objections. Accordingly, for the reasons set forth in the Motion to Strike or Dismiss, the Amended Complaint should be stricken as untimely.

### II. THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. The Fraudulent Transfer Claims Should Be Dismissed.

Magistrate Judge Jenkins correctly concluded that the fraudulent transfer claims should be dismissed because merely changing investment managers does not constitute a "transfer" of assets. Report at 6-7. In response, Plaintiffs cite paragraphs in the Amended Complaint that they contend allege more than just a change of investment

managers.  Objections at 6-7.  Yet a review of the very paragraphs from the Amended Complaint that Plaintiffs cite makes it clear that Plaintiffs are *not* contending that there was any actual transfer of assets, but rather that there was a change in "control over" certain assets.  *Id.*  As set forth in the Zwirn Defendants' Motion to Dismiss (Doc. 30 at 15-16), neither New York nor Florida recognizes a claim for fraudulent transfer of "control over" assets.  Magistrate Judge Jenkins thus correctly found that Plaintiffs have failed to state a claim for fraudulent transfer.  Accordingly, these counts must be dismissed.

The claim for actual fraudulent transfer should also be dismissed on the alternate ground, not reached by Magistrate Judge Jenkins, that Plaintiffs have failed to plead facts showing that the Zwirn Defendants intended to defraud Plaintiffs, as required under both New York and Florida law.  Fla. State § 726.105(1)(a); N.Y. Debtor and Creditor Law § 276.

### B. The Civil Conspiracy and Aiding and Abetting Claims Should Be Dismissed.

Because the underlying fraudulent transfer claims must be dismissed, the civil conspiracy and aiding and abetting claims that are premised on the fraudulent transfer claims also fail.  Report at 7; *see also American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007) ("a claim found not to be actionable cannot serve as the basis for a conspiracy claim").  Plaintiffs' only response to this conclusion is to reiterate that they have adequately alleged claims for fraudulent transfer.  Plaintiffs are wrong for the reasons set forth above.

The civil conspiracy claim should also be dismissed on the alternate ground, not reached by Magistrate Judge Jenkins, that Plaintiffs have failed to satisfy Rule 9(b)'s heightened pleading requirement applicable to claims alleging agreement to commit fraud. *American United Life Ins. Co., supra*, 480 F.3d at 1067-8; *see also Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). And the aiding and abetting claim also fails for the independent reason that Florida does not recognize a separate cause of action for aiding and abetting a fraudulent conveyance. *Freeman v. First Union Nat'l*, 865 So. 2d 1272, 1273 (Fla. 2004) ("[w]e simply can see no language in [the Florida Uniform Fraudulent Transfer Act] that suggests an intent to create an independent tort for damages" for aiding and abetting a fraudulent transfer).

For all of these reasons, Plaintiffs' objections should be overruled and the civil conspiracy and aiding and abetting claims should be dismissed.

C. **The Unjust Enrichment Claim Should Be Dismissed**

As Magistrate Judge Jenkins found, the unjust enrichment claim must be dismissed because it is improperly premised on the commission of a wrong, whereas "the law of unjust enrichment is concerned solely with enrichments that are unjust independently of wrongs and contracts." Report at 8, citing *Flint v. ABB, Inc.*, 377 F.3d 1325, 1331 n.2. (11th Cir. 2003); *see also State of Fla., Office of Atty' Gen v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005) (dismissing unjust enrichment claim predicated on alleged wrongful conduct of defendant, since "[p]laintiffs' right of recovery, if any, arises from the wrong of the [alleged] tort . . . rather than unjust enrichment"), *citing Guyana Tel & Tel. Co. v. Melbourne Int'l*

*Comms., Ltd.*, 329 F.3d 1241, 1245 n.3 (11th Cir. 2003); *Tilton v. Playboy Entertainment Group, Inc.*, No. 8:05-cv-692-T-30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007) (dismissing unjust enrichment claim because it was "improperly based [] upon the wrongful conduct of Defendants"); *Union Pacific Railroad Co. v. Paragon Laboratories, Inc.*, No. 06-60873-CIV, 2006 WL 3709619, at *4 (S.D. Fla. Dec. 14, 2006) (dismissing unjust enrichment claim premised on wrongful conduct and holding that "while the Court agrees with Plaintiff that pleading in the alternative is an accepted practice . . . the manner in which Plaintiff has pled its unjust enrichment claims for wrongful action . . . render such claims invalid").

Plaintiffs' only response to Magistrate Judge Jenkins's analysis is to cite to inapposite case law holding that claims for unjust enrichment and breach of *contract* may be pled in the alternative. Objections at 9. Here, of course, Plaintiffs assert "creditor status" as opposed to a contractual relationship with the Defendants as the basis for their claims. Hence, the alleged unjust enrichment is improperly premised on alleged wrongful acts by various defendants and nonparties, not a breach of contract with the Plaintiffs. Accordingly, Magistrate Judge Jenkins's conclusion is correct.

In addition, Magistrate Judge Jenkins correctly concluded that Plaintiffs have failed to allege that they themselves conferred any benefit on the Zwirn Defendants, which is a required element of an unjust enrichment claim. Report at 8; *see also Florida Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 (Fla. 2004) (reciting elements of unjust enrichment claim). Rather, Plaintiffs allege that Defendants conferred a benefit upon *themselves*. Am Comp. ¶ 61 ("Defendants caused the transfers . . . [and]

Defendants benefitted directly from the transfers . . . .") Plaintiffs effectively admit this fatal flaw, requesting permission to amend their complaint yet again to allege that "the debtor (DBZ) served as a conduit for the transfer of interests in funds to [Fortress Investment Group ("Fortress")] that properly belonged to Plaintiffs, thereby satisfying the 'plaintiffs conferred a benefit' element for an unjust enrichment claim." Objections at 9. Yet, as Magistrate Judge Jenkins found, this amendment would be futile because it would not resolve the problem that the unjust enrichment claim is premised on a wrongful act. Report at 8. In addition, the only case cited by Plaintiffs for the proposition that the "plaintiffs conferred a benefit" element can be satisfied by an allegation that a third party served as a "conduit" is in fact far more equivocal than Plaintiffs would have the Court believe. In *Wiand v. Waxenberg*, 611 F. Supp. 2d 1299, 1310 (M.D. Fla. 2009), the court stated only that it "does not rule out the possibility" that allegations that a third party's accounts served as a "conduit" for transfers could constitute a direct benefit "in certain cases." The court then went on to find that this was not the case in the matter before it. *Id.*

Accordingly, the unjust enrichment claim should be dismissed.

### III.  DISMISSAL OF THE AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

The Zwirn Defendants rest upon the arguments relating to subject matter jurisdiction based on diversity as asserted in their Motion to Strike or Dismiss Plaintiffs' Amended Complaint. *See* Doc. 30 at 22-23. Nonetheless, the Zwirn Defendants recently became aware and are obliged to point out that this Court may have jurisdiction over Plaintiffs' claims on an alternative basis not raised by Plaintiffs.

Although the allegations as pled in Plaintiffs' Amended Complaint fail to establish federal jurisdiction on the basis of diversity, there is a possibility that this Court may have supplemental jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367(a). Implicit in Plaintiffs' allegations is that they have the ability to be judgment creditors of the VRF Fund by virtue of the lawsuit styled *Glenn W. Cherry, Charles W. Cherry, II, and Group Assets, LLC vs. D.B. Zwirn Special Opportunities Fund, L.P., et al.*, Case No. 8:09-cv-0033-T33-EAJ (the "First Tampa Case"). *See* Am. Compl. (Doc. 27) ¶¶ 2-4. The First Tampa Case resulted in a judgment in favor of the VRF Fund and others, but is currently on appeal as Case No. 10-10761-H in the Eleventh Circuit Court of Appeals. Depending upon the outcome of the appeal, Plaintiffs may become judgment creditors of the VRF Fund. If that occurs, Plaintiffs arguably will be entitled to have this Court exercise its authority to recover the alleged fraudulent pre-judgment transfers made to Fortress.

This Court's exercise of federal question jurisdiction over the First Tampa Case is unchallenged. In that lawsuit, Plaintiffs asserted claims under federal law, including alleged violations of the Equal Credit Opportunity Act, racial discrimination under 42 U.S.C. §§ 1981 and 1982, violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, and violations of the Federal Communications Act. *See* First Tampa Case, Doc. 25.

As admitted by Plaintiffs in paragraph 1 of their Amended Complaint, the claims in the instant lawsuit are related to the claims in the First Tampa Case. Accordingly, this Court may have supplemental jurisdiction over this action. *See Dewey v. W. Fairmont*

*Gas Coal Co.*, 123 U.S. 329, 332-33 (1887); *see also Perlman v. Five Corners Investors I, LLC*, No. 09-81225-CIV, 2010 WL 962953, at *1 (S.D. Fla. Mar. 15, 2010) (ruling that the court had supplemental jurisdiction over lawsuit alleging state law claims for fraudulent transfer because those claims were ancillary to a Securities Exchange Commission enforcement action over which the court had jurisdiction pursuant to 28 U.S.C. § 1331); *Perlman v. Alexis*, No. 09-20865-CIV, 2009 WL 3161830, at *1 (S.D. Fla. Sept. 25, 2009) (same).

In *Dewey*, a coal company sued Dewey, Vance & Co. ("Dewey") in West Virginia state court for breach of contract. *Id.* Dewey removed that action to federal court on diversity jurisdiction grounds. *Id.* Approximately four months after removal, Dewey's surviving partners filed a separate suit in federal court for damages against the coal company alleging, *inter alia*, that the coal company "had become and was insolvent, and that [it] had made a fraudulent assignment of [its] property to" a company that the surviving partners had named as a co-defendant. *Id.* at 332.

The coal company and its co-defendant alleged that the court did not have subject matter jurisdiction over Dewey's surviving partners' lawsuit because complete diversity did not exist—both the co-defendant and some of Dewey's surviving partners were citizens of the same state. *Id.* at 332-33. The Supreme Court agreed with the lower court's exercise of jurisdiction and concluded that it was "ancillary to that which [the lower court] had already acquired in" the coal company's action against Dewey. *Id.* at 333.

Similarly, this lawsuit involves claims for the recovery of alleged pre-judgment transfers of assets to a third-party. Because this Court already has acquired jurisdiction over the lawsuit giving rise to Plaintiffs' status as potential judgment creditors of the VRF Fund (the First Tampa Case), this Court arguably may exercise its supplemental jurisdiction in this lawsuit for the recovery of the alleged pre-judgment transfers.

In any event, even if Plaintiffs were to realize their status as judgment creditors of the VRF Fund, their claims as alleged in the Amended Complaint are without merit and subject to dismissal as discussed above.

## CONCLUSION

For the foregoing reasons, the Court should overrule Plaintiffs' objections, adopt Magistrate Judge Jenkins's Report and Recommendation, and dismiss the Amended Complaint in its entirety as to the Zwirn Defendants.

Respectfully submitted,

/s/ Fentrice D. Driskell
David Hywel Leonard
Florida Bar No. 0296376
Fentrice D. Driskell
Florida Bar No. 0833851
Matthew A. Leish
Florida Bar No. 0054041
CARLTON FIELDS, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
hleonard@carltonfields.com
fdriskell@carltonfields.com
mleish@carltonfields.com
Attorneys for Defendants RL Transition Corp.; Rocklynn Radio, LLC; and Fortress Value Recovery Fund I LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2010, a true and correct copy of the foregoing was filed with the Clerk of this Court using the CM/ECF system, which will serve a notice of filing upon the filing users.

/s/ Fentrice D. Driskell
Attorney