UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GROUP ASSETS, LLC, ET AL.,

        Plaintiffs,
v.                              Case No. 8:09-cv-1530-T-33EAJ

FORTRESS INVESTMENT GROUP, ET
AL.,

        Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to the June 22, 2010, report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 43), in which Judge Jenkins recommends that Plaintiffs' Amended Complaint (Doc. # 27) be dismissed.  On July 8, 2010, Plaintiffs filed objections to Judge Jenkins' report and recommendation (Doc. ## 47, 49, 54), and such objections are ripe for this Court's review.

After careful consideration, the Court adopts Judge Jenkins' report and recommendation.  Specifically, the Court adopts her recommendation that the complaint is subject to (1) being stricken as untimely filed; (2) dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and (3) dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil

Procedure. Furthermore, the Court determines that dismissal of this case should be with prejudice because any amendment would be futile.

**I.    Legal Standard**

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

**II.   Report and Recommendation**

In her report and recommendation, Judge Jenkins recommends that Defendant Fortress Investment Group, LLC's Motion to Dismiss and Motion to Strike (Doc. # 29) and Defendants RL Transition Corporation, Rockylynn Radio, LLC and

D.B. Zwirn Special Opportunities Fund, L.P.'s Motion to Strike, or in the Alternative, Dismiss Plaintiff's Amended Complaint (Doc. # 30) should be granted. Among other things, Judge Jenkins finds that the amended complaint was untimely filed and that each count of the complaint is subject to dismissal.

After careful consideration and independent analysis, the Court determines that it is appropriate to adopt Judge Jenkins' recommendation that the pending motions to dismiss be granted.[1]  In addition, the Court strikes the amended complaint as untimely filed and will not allow further amendment of the complaint in this case.

**III. Analysis**

---

[1] The Court has considered, but ultimately rejects, the Zwirn Defendants' suggestion that this Court may have 28 U.S.C. § 1367(a) supplemental jurisdiction over this case because it is related to 8:09-cv-33-T-33EAJ. (Doc. # 54 at 7). The Court agrees with the opinion of Int'l Union of the Painters and Allied Trades District Council v. Old Republic Surety Co., 8:06-cv-2222-T-24EAJ, 2007 WL 1363135 (M.D. Fla. May 8, 2007), and the cases cited therein, which stand for the proposition that "the language of § 1367 clearly contemplates supplemental jurisdiction arising only from claims within a single action.")(citations omitted). Further, to the extent that this Court may have some form of supplemental jurisdiction in this case, this Court declines to exercise such supplemental jurisdiction pursuant to § 1367(c)(3) because the Court has dismissed all claims in the related case of 8:09-cv-33-T-33EAJ.

The Court has determined that the aforementioned motions to dismiss and motions to strike should be granted. The only remaining question is whether dismissal of the complaint should be with prejudice or with leave to file an amended complaint.[2] "The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962). Factors that warrant denial of the opportunity to amend a complaint include undue delay, bad faith or dilatory motive on the part of the plaintiff, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Id. In the present case, the Court finds that each of these factors is present and dismissal of the amended complaint should be without leave to amend.[3]

Specifically, the Court finds that any further amendment would be futile, would be filed in bad faith, and would unduly prejudice Defendants. In addition, Plaintiffs have been given ample opportunity to cure procedural and substantive

---

[2] Plaintiffs initiated this case on August 10, 2009. (Doc. # 1). Plaintiffs filed an amended complaint in response to Defendants' Motion to Dismiss (Doc. # 19) on January 17, 2010. (Doc. # 27).

[3] It should be noted that there are no motions for leave to amend presently pending in this case.

deficiencies and have failed to cure such deficiencies. Plaintiffs have initiated numerous actions before this Court as well as other tribunals.[4]

Upon due consideration of the entire record, including the report and recommendation, the Court adopts the report and recommendation, overrules the objections thereto, and dismisses this case without leave to amend.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The report and recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 43) is **ACCEPTED and ADOPTED.**

(2) Defendant Fortress Investment Group, LLC's Motion to Dismiss and Motion to Strike (Doc. # 29) is **GRANTED.**

(3) Defendants RL Transition Corporation, Rockylynn Radio, LLC and D.B. Zwirn Special Opportunities Fund, L.P.'s

---

[4] This case has manifested itself in the present court (8:09-cv-33-T-33EAJ and 8:09-cv-680-T-33EAJ), the United States District Court for the Middle District of Florida, Jacksonville Division (3:08-cv-222-J-34TEM), the Circuit Court in and for Hillsborough County, Florida Thirteenth Judicial Circuit (Case No. 08-CA-011492 and Case No. 08-CA-023020), the Federal Communications Commission Enforcement Division, Washington D.C. (File No. EB-08-IH-0692), the United States District Court for the Southern District of New York, and the Supreme Court of the State of New York, County of New York (Case No. 600692/2008).

Motion to Strike, or in the Alternative, Dismiss Plaintiff's Amended Complaint (Doc. # 30) is **GRANTED.**

(4) The Amended Complaint (Doc. # 27) is **STRICKEN AND OTHERWISE DISMISSED WITH PREJUDICE.**

(5) The Clerk is directed terminate any remaining pending motions, to enter judgment in favor of Defendants, and to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of July 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record